# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50540
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO ROSAS-BENITES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-178-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pedro Rosas-Benites appeals from the sentence imposed for his guilty plea conviction for attempting to reenter the United States following removal.[1] Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 8 U.S.C. § 1326.

in 18 U.S.C. § 3553(a).[2]  First, we consider whether the sentence imposed is procedurally sound.[3]  Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness.[4]

Citing the Supreme Court's decisions in Kimbrough v. United States,[5] and Rita,[6] Rosas argues that the within-guidelines sentence imposed in this case should not be accorded a presumption of reasonableness.  Rosas contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience."  He portrays the Kimbrough decision as having suggested that the appellate presumption should not be applied to a Guideline that did not take account of this data and experience.

But the question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine

---

[2] Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

[3] Id. at 597.

[4] Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008) (post-Kimbrough, presumption still applies); United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir.), cert. denied, 2008 WL 2754087 (Dec. 1, 2008) (same).  Rosas's arguments concerning "double-counting" allegedly called for by the Sentencing Guidelines do not affect our presumption.

[5] 128 S. Ct. 558, 574-75 (2007).

[6] 127 S. Ct. at 2464-65.

offenses."[7]    Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."[8]  The Kimbrough Court said nothing of the applicability of the presumption of reasonableness.

The presumption is therefore applicable in this case.  After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we hold that Rosas has failed to make a showing sufficient to rebut that presumption.

Accordingly, the judgment of the district court is AFFIRMED.

---

[7] 128 S. Ct. at 564.

[8] Id. at 575.